# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 21-CR-505 (RCL) |
| v. ) | |
| ) | Judge: Lamberth |
| ISAAC YODER, ) | |
| ) | Trial Date: 3/20/23 |
| **Defendant.** ) | |

## MOTION IN LIMINE TO LIMIT
## INFLAMMATORY TERMINOLOGY AT TRIAL

**COMES NOW** Isaac Yoder, through counsel, and requests *in limine* for an order limiting terminology to describe the events of January 6, 2021, the date of the incident in question. Specifically, the defense requests that the government not use inflammatory terms such as "riot", "insurrection", "mob", "extremists", "anti-government" or "breach." As reasons therefor, defendant states as follows:

This matter is scheduled for a jury trial on March 20, 2023. Accordingly, the government will be present evidence that involves the actions that occurred by individuals who were there in support of President Trump and/or were there to protest the certification of the election results of the 2020 presidential election. It is alleged that defendant Isaac Yoder was one of the individuals present at the U.S. Capitol and that he allegedly entered into the U.S. Capitol. The government does not allege that Isaac Yoder committed any violent act on January 6th, 2021. Indeed, none of the four misdemeanor charges involve any aspect of violence.

Rule 403 of the Federal Rules of Evidence states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

In this case, it is expected that the government will provide evidence of the events of January 6th, 2021. The many people who were at the U.S. Capitol had different purposes to be at that location. There were people at the U.S. Capitol who did not do anything other than being present. There were some people who were there to protest or demonstrate. Of course, regrettably there were also people who committed criminal offenses, some of which have already pled guilty or were found guilty after trial.

It is inevitable that at trial the government will seek to provide contextual evidence of what was happening at the U.S. Capitol other than by Isaac Yoder. Further, it is highly likely that video and photographic evidence will show people other than Isaac Yoder in and around the U.S. Capitol. However, it is how this evidence is presented that may provide for descriptions or questions from the government that will provide objections under Fed. R. Evid. 403. Specifically, the government may refer to the protesters as a "mob" or describe them as "rioting." The court may also refer to their political positions as "extremists" who are "anti-government." The

entry into the U.S. Capitol could be referred to as a "breach,' which implies illegality by their actions.

In all of these circumstances, the government will be using inflammatory language. These terms suggest either an assumed crime, or it suggests political opinions that suggest radical or improper views. It is therefore implied, in using these terms, that Isaac Yoder could similarly be improperly associated. This would be unfairly prejudicial, would confuse the issues, and/or mislead the jury. Accordingly, they would be objectionable under Rule 403, and therefore this motion should be granted.

Furthermore, the government's suggestion that Mr. Yoder is an "extremist" or "anti-government." Rule 404(a) indicates that:

> Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. Fed. R. Evid. 404(a)(1).

The government should not be able to suggest that Mr. Yoder's political views somehow should be admitted to show that his actions were in accordance with the "extremist" or "anti-government" actions of other that were participated in the protest.

Alternatively, the defense does not have any object to refer to the people as the "crowd" or "protestors" rather than a "mob" or

"insurrectionists." They can be referred to as "demonstrating" or "protesting" and not "rioting." The people were "Trump supporters" or "protestors" and not "extremists" or "anti-government." Also entrance into the U.S. Capitol should be referred to as an "entry" and not a "breach." Use of these terms would provide for a more neutral description of the events which would avoid objections under Rule 403.

WHEREFORE, for the reasons stated above, Defendant Yoder requests that this motion *in limine* be granted and for any and all other relief deemed fair and equitable by this court.

Respectfully submitted,

ISAAC YODER
By Counsel

/s/ John L. Machado
John L. Machado, Esq.
Bar. No. 449961
Counsel for Isaac Yoder
503 D St, NW, Suite 310
Washington, DC 20001
Phone: (703) 989-0840
E-mail: johnlmachado@gmail.com

## Certificate of Service

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 13th day of December, 2022, which will send a notification of such filing (NEF) to the following to allcounsel of record.

/s/John L. Machado
John L. Machado, Esq.
Bar Number 449961
Attorney for Isaac Yoder
Law Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001
Telephone (703)989-0840
Email: johnlmachado@gmail.com