IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CRIM NO. 22-CR-243(CKK) |
| ISAAC YODER | ) |
| | ) Judge: Lamberth |
| | ) |
| Defendant. | ) |

## MOTION FOR RECONSIDERAION OF SENTENCE

COMES NOW Isaac Yoder, through counsel, and requests that the court reconsider the sentence issued to Mr. Yoder in this matter. As reasons therefor, defendant states as follows:

1. On August 4, 2021, Isaac Yoder was charged with four counts via information: (1) Entering and Remaining in a Restricted Building, in violation of U.S.C. § 1752(a)(1); (2) Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2); (3) Violent Entry and Disorderly Conduct and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and (4) Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). A superseding information was filed on February 25, 2022. A second superseding information was filed on March 11, 2022.

1

2. On March 20, 2023, Mr. Isaac Yoder had a bench trial in this matter on all four counts before this Honorable Court. On May 26, 2023, Judge Royce Lamberth found the defendant guilty of all four counts, and a sentencing date was scheduled for August 25, 2023.

3. In anticipation of sentencing, both parties submitted memoranda in aid of sentencing. As part of the memorandum prepared by the defendant, approximately sixteen (16) letters of support were provided on behalf of Mr. Yoder. In its sentencing memorandum, he government requested a sentence of thirteen (13) months for Mr. Yoder.

4. On the sentencing date, the court indicated that it had reviewed all the materials submitted by the parties. After the court heard arguments from the parties as to sentencing, the court sentenced Mr. Yoder to twelve (12) months of incarceration. The court at that time considered and rejected the defense's request for a sentence of one year and a day, in order to get potential credit by the Bureau of Prisons for "good time" credit. The court also considered and rejected the defendant's request for home confinement.

5. Mr. Yoder respectfully requests for the court to reconsider its sentence in this matter. As part of reconsideration, Mr. Yoder submits some further letters of support that were sent on his behalf. These letters, attached hereto and incorporated

by reference herein, further show the support that Mr. Yoder received from additional friends and family. These letters, which were all sent via U.S. Mail, only came to undersigned counsel's attention on August 26, 2023, the day after Mr. Yoder's sentencing. These letters were inadvertently overlooked and not submitted because the letters had not been placed in the undersigned counsel's mailbox in his shared office, and therefore were not seen until undersigned counsel saw them this weekend.

The letters included are from the following individuals:

Exhibit 17: Letter from Mr. and Mrs. Borders, friends from Mr. Yoder's church.

Exhibit 18: Letter from David Benham, a former employer of Isaac Yoder.

Exhibit 19: Letter from Chris Morris, the Chairman of the Deacon Council at Mr. Yoder's church.

Exhibit 20: Letter from Sarah Morris, a friend from Mr. Yoder's church and a customer of his locksmith business.

Exhibit 21: Letter from Annabelle Morris, a fellow church member.

Exhibit 22: Letter from Betty Claflin, a fellow church member.

Exhibit 23: Letter from a fellow community member and customer of Mr. Yoder's locksmith business.

Exhibit 24: Letter from Virginia Campbell, a friend of Mr. Yoder's family.

Exhibit 25: Letter from Cathy Lo Joy, a friend of Mr. Yoder's family.

Exhibit 26: Letter from James Robert Henderson, a customer of Mr. Yoder's locksmith business.

6. Pursuant to 18 U.S.C. § 3624, a defendant receives what is known as "good time credit" as a benefit for good behavior in of just under two months for every year of time to be served. As indicated in the relevant code section:

> **(b)CREDIT TOWARD SERVICE OF SENTENCE FOR SATISFACTORY BEHAVIOR.—**
>
> **(1)** Subject to paragraph (2**), a prisoner who is serving a term of imprisonment of more than 1 year** other than a term of imprisonment for the duration of the prisoner's life, **may receive credit toward the service of the prisoner's sentence of up to 54 days for each year of the prisoner's sentence imposed by the court**, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year of a term of imprisonment shall be credited on the first day of the last year of the term of imprisonment. 18 U.S.C. § 3624 (b)(1)(emphasis added).

7.      Accordingly, Mr. Yoder requests the court to consider changing his sentence in one of four ways: The first option would be for the court to sentence Mr. Yoder to a sentence which, when accumulated, totals to a sentence of one year and one day. For example, the court could accomplish such a goal by sentencing Mr. Yoder to a sentence which is consecutive to the one-year sentence issued in either Counts One and Two by sentencing Mr. Yoder to one day of incarceration in Counts Three and Four to run consecutively to the other sentences.

8.      If the court is not inclined to do so, the second option Mr. Yoder would respectfully request that the court consider reducing the sentencing to a total sentence of 311 days, a sentence that would be just over ten months. This sentence would essentially take into consideration the 54 days Mr. Yoder would have received for good time credit had the sentence been a year and a day, but the sentence would still be under the one-year mark so that he would not actually receive the "good time" credit applicable to sentences greater than one year.

9.      If the court is not inclined to do so, Mr. Yoder would ask for the court to **increase** his sentence to the government's recommendation of 13 months, which would similarly place him in a sentence where he would be eligible to receive the "good time" credit. In doing so, Mr. Yoder, with the "good time" credit, would serve a net amount of less days in prison, as he would be serving approximately 24 days

less than he would from his current sentence as it stands.[1]

10.  Finally, Mr. Yoder would ask for the court to reconsider and sentence him to the one year under home confinement, which would make the "good time" credit issue essentially moot yet would still require Mr. Yoder to have his liberties removed for the year the court requires.

WHEREFORE, for the reasons discussed above, Mr. Yoder would respectfully request for the court to reconsider is sentence and change his prison sentence as requested above and/or change his sentence to home confinement.

Respectfully submitted,

ISAAC YODER
By Counsel

/s/ John L. Machado
John L. Machado, Esq.
Bar. No. 449961
Counsel for Jodi Wilson
503 D Street, N.W., Suite 310
Washington, DC 20001
Phone: (703) 989-0840
E-mail: johnlmachado@gmail.com

---

[1] The irony is not lost in that Mr. Yoder is actually asking for a greater sentence in making such a request. However, it is with the intent of allowing him to benefit overall (and is being done with his approval). Indeed, the government, in making its recommendation, presumably was aware of the "good time" credit received for a 13-month sentence, so therefore it is not a stretch to think that the government was not intending for Mr. Yoder to actually serve 365 days as his sentence.

## Certificate of Service

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 27th day of August, 2023, which will send a notification of such filing (NEF) to the following to all counsel of record.

   /s/John L. Machado
John L. Machado, Esq.
Bar Number 449961
Attorney for Isaac Yoder
Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001
Telephone (703)989-0840
Email: johnlmachado@gmail.com